UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| JPMORGAN CHASE BANK, N.A., | Civil Action No. |
| Plaintiff, | 18-15080 (SDW) (LDW) |
| v. | |
| ELLEN HEINE, MCELROY DEUTSCH MULVANEY & CARPENTER LLP, PETER J. VAN DYKE, SOUTH BRUNSWICK, STATE OF NEW JERSEY, and UNITED STATES OF AMERICA | REPORT AND RECOMMENDATION |
| Defendants. | |

## LEDA DUNN WETTRE, United States Magistrate Judge

Before the Court is plaintiff's motion to remand this foreclosure action to the Superior Court of New Jersey, Bergen County. ECF No. 2. Defendant *pro se* Ellen Heine opposes the motion. ECF No. 10. The Honorable Susan D. Wigenton, U.S.D.J., referred this motion to the undersigned for a Report and Recommendation. Having considered the parties' written submissions and for the reasons set forth below, the Court recommends that the motion to remand be **GRANTED**.

### I. BACKGROUND

On July 23, 2018, plaintiff JPMorgan Chase Bank, N.A. ("JPMorgan") filed a foreclosure action in the Superior Court of New Jersey, Chancery Division, Bergen County against defendants Ellen Heine, McElroy Deutsch Mulvaney & Carpenter, LLP ("McElroy Deutsch"), Peter J. Van Dyke, South Brunswick, the State of New Jersey, and the United States of America. Complaint, ECF No. 1-1. The Complaint alleges that in 2005, Edwin Gilbert executed a Home Equity Line of Credit Agreement secured by a mortgage in favor of JPMorgan to purchase real property in

Garfield, New Jersey. *Id.* ¶¶ 1-2. The property was deeded to Edwin Gilbert and Ellen Heine as joint tenants with rights of survivorship in 2007, as recorded in the Bergen County Clerk's Office. *Id.* ¶ 2. Edwin Gilbert passed away intestate in July 2011, and at the direction of the Superior Court of New Jersey, the estate's personal representative recorded a deed for the property to Ellen Heine in August 2016. *Id.* The mortgage was not assigned and went into default in July 2017. *Id.* ¶¶ 4, 7.

Plaintiff brings this foreclosure action against Ellen Heine as the current record holder of the mortgaged property and against various creditors of Ellen Heine and the mortgagor, Edwin Gilbert. *Id.* ¶ 10. One such creditor, McElroy Deutsch, filed an answer and notice of appearance in State Court in August 2018. *See* Motion to Remand, ECF No. 2-1 at 3, Ex. 3. Defendant, *pro se*, Ellen Heine removed the action to this Court in October 2018 asserting, *inter alia*, that "[t]here may be issues that are within the jurisdiction of the Federal Court." *See* ECF No. 1. Plaintiff filed the instant motion to remand in November 2018. ECF No. 2. Defendant Heine opposes the motion. ECF No. 10.

## II.   DISCUSSION

Pursuant to 28 U.S.C. § 1447(c), an action may be remanded to state court where the removal was procedurally defective or if the district court determines that it lacks subject matter jurisdiction over the action. "[T]he party asserting federal jurisdiction in a removal case bears the burden of showing, at all stages of the litigation, that the case is properly before the federal court." *Frederico v. Home Depot*, 507 F.3d 188, 193 (3d Cir. 2007). "Removal statutes are to be strictly construed, with all doubts to be resolved in favor of remand." *Brown v. JEVIC*, 575 F.3d 322, 326 (3d Cir. 2009).

Plaintiff moves to remand on the following grounds: lack of subject matter jurisdiction,

2

violation of the "forum defendant rule," and failure to comply with the rule of unanimity.[1] The Court will address each in turn.

## A. Subject Matter Jurisdiction

A defendant may remove a civil action filed in state court if the federal court would have had original jurisdiction over the action. 28 U.S.C. § 1441(a). The notice of removal asserts that this action may involve issues "within the jurisdiction of the Federal Court" including "questions regarding bankruptcy, and interstate banking matters," and parties and events "over whom the state court does not have jurisdiction." ECF No. 1. The Court recommends a finding that subject matter does not exist over this action.

### 1. No Federal Question Jurisdiction

"The presence or absence of federal-question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal question jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987). Plaintiff's Complaint solely asserts state law claims for foreclosure of the mortgage. No federal claims appear on the face of the Complaint. As the Third Circuit explains: "[i]nasmuch as the complaint in this case is a straightforward state-law foreclosure complaint, it does not provide a basis for federal question jurisdiction and thus this action could not have originally been brought in federal court." *Deutsche Bank Nat'l Tr. Co. v. Harding*, 655 F. App'x 113, 115 (3d Cir. 2016). Accordingly, federal question jurisdiction does not exist over this matter.

---

[1] Plaintiff also moves to remand for untimely removal. The Court need not reach this argument, however, as those discussed below all favor remand.

3

### 2. No Diversity Jurisdiction

The forum defendant rule, codified at 28 U.S.C. § 1441(b)(2) provides that "[a] civil action otherwise removable solely on the basis of [diversity jurisdiction] may not be removed if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought." Defendant Heine resides in Paterson, New Jersey and is a citizen of the State. Even if there were complete diversity between plaintiff and defendants, removal of the foreclosure action to this Court by Ms. Heine is barred by the forum defendant rule.

### B. Rule of Unanimity

The statute governing the procedure for removal of civil actions requires, *inter alia*, that "all defendants who have been properly joined and served must join in or consent to the removal of the action." 28 U.S.C. § 1446(b)(2)(A). In other words, the rule of unanimity requires that when there is more than one defendant in an action, all properly joined and served defendants must consent to removal. *See Di Loreto v. Costigan*, 351 F. App'x 747, 752 (3d Cir. 2009). Here, defendant McElroy Deutsch was served and had filed an Answer in State Court, but did not consent to removal of the action. Therefore, the Court recommends that the District Court remand this matter, as the notice of removal fails to comply with the rule of unanimity.

### III. CONCLUSION

For the foregoing reasons, the Court recommends that the motion to remand be **GRANTED**. The parties are hereby advised that, pursuant to Rule 72(b)(2) of the Federal Rules of Civil Procedure, they have 14 days after being served with a copy of this Report and

Recommendation to serve and file specific written objections to the Honorable Susan D. Wigenton, U.S.D.J.

Dated: January 28, 2019

*Leda D. Wettre*

**Hon. Leda Dunn Wettre**
**United States Magistrate Judge**

Original:   Clerk of the Court
cc:         Hon. Susan D. Wigenton, U.S.D.J.
            All Parties

Case 2:18-cv-15080-SDW-LDW   Document 12   Filed 01/28/19   Page 10 of 10 PageID: 124